## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NICOLE RAYFIELD** | **CIVIL ACTION** |
| **v.** | |
| **CHEYNEY UNIVERSITY OF PENNSYLVANIA, JEFFREY JONES, and AARON WALTON** | **NO. 19-3230** |

**Baylson, J.**                                                                                    **January 16, 2020**

## MEMORANDUM

### I.        INTRODUCTION

This Action arises from Defendant Cheyney University of Pennsylvania's ("Cheyney University" or "Cheyney") termination of Plaintiff Nicole Rayfield's employment.  After Plaintiff was dismissed, she filed a Complaint against Cheyney, Defendant Jeffrey Jones ("Jones"), and Defendant Aaron Walton ("Walton"), which was amended to allege four counts:

1. **Count I**:  Discrimination, Harassment, and Retaliation on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 (against Cheyney);

2. **Count II**:  Retaliation in violation of the Family and Medical Leave Act ("FMLA") (against all Defendants);

3. **Count III**:  Wrongful Termination under Pennsylvania state law (against Cheyney); and

4. **Count IV**:  Retaliation in violation of the Pennsylvania Whistleblower Law (against Cheyney).

(ECF 9, Second Am. Compl. ("SAC") ¶¶ 86–118.)

Before this Court is Cheyney's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1).  (ECF 13, "Cheyney's MtD.")  Cheyney asserts that Plaintiff's claims for FMLA retaliation, whistleblower retaliation, and wrongful termination should be dismissed as to Cheyney based on principles of sovereign immunity.  For the reasons stated below, Cheyney's Motion to

Dismiss will be granted, and Plaintiff's FMLA retaliation, whistleblower retaliation, and wrongful termination claims against Cheyney will be dismissed without prejudice so that Plaintiff may refile her claims in state court.

## II.     FACTUAL AND PROCEDURAL HISTORY

Drawing from Plaintiff's Second Amended Complaint, the factual background is as follows.  Plaintiff was the Director of the Keystone Honors Academy at Cheyney University. (SAC ¶¶ 16-17.)  Plaintiff's duties as Director included the oversight and administration of the Keystone scholarship program.  (SAC ¶ 21.)  Defendant Jones worked with Plaintiff as the Executive Director of Enrollment Management at Cheyney.  (SAC ¶ 18.)  In working with Plaintiff, Jones allegedly made inappropriate comments to Plaintiff and other female Cheyney employees, which included asking Plaintiff "what's cooking, good looking," and asking a former Provost why she was not wearing a dress or skirt "the way a woman should . . . ."  (SAC ¶¶ 26, 28.)

Plaintiff reported Jones's behavior to multiple people at Cheyney, but Jones was never investigated or reprimanded for his actions.  (SAC ¶¶ 29–30, 37–39.)  Shortly after Plaintiff made these reports, however, the University President, Defendant Walton, cautioned Plaintiff not to make any more complaints, (SAC ¶ 32), and Jones excluded Plaintiff from scholarship meetings after taking over the scholarship program, (SAC ¶¶ 31, 34, 40.)  Plaintiff continued to express concern about Jones's treatment of her, but received no response.  (SAC ¶¶ 50–54.)

After taking over the scholarship program, Jones removed scholarship information from the website, changed the scholarship's qualification criteria, and required his approval for all scholarship awards.  (SAC ¶¶ 40–44.)  Plaintiff alleges that Jones also offered scholarships to unqualified students (including to one of Jones's family friend), (SAC ¶ 48(b)–(d)), and used

scholarship funds to pay for Cheyney University expenses, (SAC ¶ 48(g)–(i).) Plaintiff raised concerns about how Jones operated the scholarship program, but again received no response. (SAC ¶ 49.)

In November of 2018, Plaintiff took FMLA leave, during which she discovered a medical condition that would require surgery. (SAC ¶¶ 55–56, 58.) Plaintiff scheduled the surgery for February of 2019, and informed Cheyney that she would need to take a second FMLA leave. (SAC ¶¶ 59, 61–62.) Before Plaintiff received her FMLA paperwork, however, Cheyney terminated her employment for "financial reasons." (SAC ¶¶ 64–66.) According to Plaintiff, both Jones and Walton were instrumental in Cheney's decision to dismiss her. (SAC ¶ 73.)

Plaintiff filed a complaint in this Court, (ECF 1), which she amended twice, (ECF 5, 9), ultimately alleging claims under Title VII, the FMLA, and Pennsylvania state law against Cheyney, Jones, and Walton. Cheyney filed a Motion to Dismiss the FMLA retaliation, whistleblower retaliation, and wrongful termination claims against it under Federal Rule of Civil Procedure 12(b)(1), based on sovereign immunity. (ECF 13.) Jones and Walton have not filed motions to dismiss. Plaintiff filed a Response to Cheney's Motion, (ECF 14, "Pl.'s Resp."), and Cheyney filed a Reply, (ECF 15, "Cheney's Reply.")

## III.    LEGAL STANDARD

Rule 12(b)(1) permits courts to dismiss claims for want of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). The Third Circuit has recognized that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir.1996) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100, (1984)). Thus, Rule 12(b)(1) serves as the proper means by which to challenge the propriety of federal jurisdiction by reason of the Eleventh Amendment. Id.

When challenging the court's subject matter jurisdiction under the Eleventh Amendment, the party asserting sovereign immunity "bears the burden of proving its applicability." Christy v. Penn. Tpk. Comm'n, 54 F.3d 1140, 1144 (3d Cir. 1995) (citing ITSI TV Prods. v. Agric. Ass'ns, 3 F.3d 1289 (9th Cir. 1993)).

A challenge to subject matter jurisdiction under Rule 12(b)(1) may take two forms: a facial attack or a factual challenge. U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007). A pre-answer Rule 12(b)(1) motion asserting sovereign immunity under the Eleventh Amendment is properly treated as a facial challenge. Nelson v. Commonwealth of Penn. Dep't of Pub. Welfare, 244 F. Supp. 2d 382, 385–86 (E.D. Pa. 2002) (Brody, J.). When considering a facial challenge, the court "must consider the allegations of the complaint as true." Mortensen v. First Fed. Sav. & Loan. Ass'n, 549 F.2d 884, 891 (3d Cir.1977). The court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 347 (3d Cir. 2012) (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)).

## IV.  PARTIES' CONTENTIONS

As a member of the Pennsylvania State System of Higher Education (the "PASSHE"), Cheyney argues that it is an arm of the state, and thus is entitled to Pennsylvania's sovereign immunity. (Cheyney's MtD 5–6.) Cheyney notes that the FMLA's self-care provision did not abrogate the sovereign immunity of the States, and immunity has not been waived with respect to Plaintiff's wrongful termination claim. (Cheyney's MtD 6, 8–9.) Plaintiff's Pennsylvania Whistleblower Law claim is in federal court based on supplemental jurisdiction, and Cheyney

contends that supplemental jurisdiction cannot overpower Eleventh Amendment immunity. (Cheyney's MtD 7.)

Plaintiff asserts that Cheyney has not met its burden of proving that it is entitled to immunity under the Eleventh Amendment. Plaintiff draws attention to the Third Circuit's fact-intensive sovereign immunity test, and argues that Cheyney has failed to meet its burden because it did not put forth a detailed analysis of that test. (Pl.'s Resp. 6–7, 9–10.) But if this Court concludes that Cheyney is entitled to Pennsylvania's sovereign immunity, Plaintiff asks the Court to transfer her claims against Cheyney to state court for adjudication in that forum. (Pl.'s Resp. 13–14.)

Cheney resists the idea that it must undertake an extensive analysis or cite to more cases to be entitled to sovereign immunity. Under Cheyney's analysis, it is well-settled that universities in the PASSHE are considered an arm of the state, and are thus entitled to the state's sovereign immunity. (Cheyney's Reply 1–2.)

## V.   DISCUSSION

This Court considered an issue like the one raised here in Bradley v. W. Chester Univ. of Penn. State Sys. Higher Educ., No. 15-2681, 2015 WL 8468563 (E.D. Pa. Dec. 9, 2015), aff'd 880 F.3d 643 (3d Cir. 2018). In that case, Cheyney's sister-school, West Chester University, argued it was immune from suit under the Eleventh Amendment. Bradley, 2015 WL 8468563 at *4. Following a body of caselaw from the Third Circuit and district courts within the Circuit, this Court held that West Chester University, as a member of the PASSHE, was entitled to sovereign immunity. Id. at *3–4. The Third Circuit affirmed, and held that the "PASSHE and its universities," which includes Cheyney, "are entitled to Eleventh Amendment immunity . . . ."

Bradley v. W. Chester Univ. of Penn. State Sys. of Higher Educ., 880 F.3d 643, 647 n.3, 660 (3d Cir. 2018), cert. denied 139 S. Ct. 167 (2018).

This Court will continue to follow Bradley, and finds that Cheyney is entitled to Pennsylvania's sovereign immunity. Because Plaintiff does not contend that Cheyney's sovereign immunity has been waived or abrogated, Plaintiff's claims against Cheyney for FMLA retaliation, whistleblower retaliation, and wrongful termination will be dismissed.[1] As in Bradley, however, the Court will dismiss those claims without prejudice to provide Plaintiff with an opportunity to refile her claims in state court. Bradley v. W. Chester Univ. of Penn. State Sys. Higher Educ., 182 F. Supp. 3d 195, 202 (E.D. Pa. 2016).

## VI. CONCLUSION

For the reasons stated above, Plaintiff's claims against Cheyney for FMLA retaliation, whistleblower retaliation, and wrongful termination will be dismissed without prejudice. An appropriate Order follows.

O:\CIVIL 19\19-3230 Rayfield v. Cheyney Univ\19cv3230 - Memo re MTD.docx

---

[1] Cheney did not move to dismiss Plaintiff's claim in Count I under Title VII of the Civil Rights Act of 1964. (Cheyney's MtD 1.) Cheyney would not be entitled to sovereign immunity on Count I because Congress abrogated Eleventh Amendment immunity when it passed the 1972 Amendments to Title VII. Fitzpatrick v. Bitzer, 427 U.S. 445, 453 n.9, 456–57 (1976).